Opinion issued August 8, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-18-00285-CR

NO. 01-18-00286-CR

NO. 01-18-00287-CR

NO. 01-18-00288-CR

————————————

**ADAN JOEL VARGAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from 432nd District Court
Tarrant County, Texas
Trial Court Cause Nos. 1469036D, 1469038D, 1469040D, & 1469357D

**MEMORANDUM OPINION[1]**

Appellant, Adan Joel Vargas, was indicted for the following four felony charges: (1) the third-degree felony offense of unlawful possession of a firearm by a felon in the underlying trial court cause number 1469036D;[2] (2) the third-degree felony offense of evading arrest and detention with a vehicle in the underlying trial court cause number 1469038D;[3] (3) the third-degree felony offense of tampering with or fabricating physical evidence with intent to impair in the underlying trial court cause number 1469040D;[4] and (4) the second-degree felony offense of aggravated assault with a deadly weapon in the underlying trial court cause number 1469357D.[5] Appellant pleaded guilty to all four charges without agreed punishment recommendations from the State, pending a presentence investigation ("PSI") hearing. He also pleaded true to the enhancement paragraph in the indictments, alleging that he was a repeat offender, and that he had used a deadly weapon, which

---

[1] The Texas Supreme Court transferred these appeals from the Second Court of Appeals to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013); Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018). We are unaware of any conflict between the precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 46.04(a), (e) (West 2011).

[3] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2011).

[4] *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West 2011).

[5] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011).

enhanced his first three charges to second-degree felonies and the aggravated assault charge to a first-degree felony.[6]

At the PSI hearing, the trial court found appellant guilty as charged, found the sentence enhancement paragraphs true, and assessed his punishment at eighteen years' confinement in each case, with the four sentences set to run concurrently with each other. These sentences are within the applicable sentencing range.[7] The trial court certified that these were not plea-bargained cases and that appellant had the right of appeal in each case. *See* TEX. R. APP. P. 25.2(a)(2)(A). Appellant timely filed a notice of appeal and new counsel was appointed for all four cases.[8]

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, in each case stating that the records present no reversible error and that, therefore, these appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the records and legal authority. *See id.* at 744; *see also High v. State*,

---

[6]     *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2011).

[7]     *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.33(a), 12.42(a) (West 2011).

[8]     Appellate cause number 01-18-00285-CR; trial court cause number 1469036D.
Appellate cause number 01-18-00286-CR; trial court cause number 1469038D.
Appellate cause number 01-18-00287-CR; trial court cause number 1469040D.
Appellate cause number 01-18-00288-CR; trial court cause number 1469357D.

573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the records and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and *Anders* brief, filed in all four cases, to appellant and informed him of his right to file a pro se response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he has sent the form motions for pro se access to the records to appellant for his response in all four cases. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed a pro se response to his counsel's *Anders* brief and his deadline has expired in all four cases.

We have independently reviewed the entire records in these four appeals, and we conclude that no reversible error exists in the records, that there are no arguable grounds for review, and that therefore these appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826– 27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim

4

raised in *Anders* brief or pro se response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motions to withdraw in all four cases.[9]  *See* TEX. R. APP. P. 43.2(a).  Attorney Max J. Striker must immediately send the required notice and file a copy of that notice with the Clerk of this Court in all four cases.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[9]     Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).